which was refused; the court, Cadwalader, J., saying, "that if the jurisdiction which the first section of the act of congress of the 2d of March, A. D. 1867 [14 Stat. 517], to establish a uniform system of bankruptcy throughout the United States, confers upon this court, of suits for collection of assets of the bankrupt, enables the assignee in bankruptcy to proceed as plaintiff in such a suit by way of foreign attachment, in any case the demand of the present plaintiff, as appears from his declaration, is not such as to sustain a proceeding by foreign attachment." The case was then removed to the circuit court upon a writ of error; the assignment of error being the refusal of the court below to grant judgment against the defendant for default of an appearance.]²

J. C. Longstreth, for plaintiff.

McKENNAN, Circuit Judge. As far back as 1809, at least, it was the practice in the federal courts, in this district, to issue writs of foreign attachment according to the laws of the state of Pennsylvania. Fisher v. Consequa [Case No. 4,816], and Toland v. Sprague, 12 Pet. [37 U. S.] 300, are proofs of the existence of this practice. In some, only, of the United States circuits did this practice prevail, while in others its legality was denied. But in Toland v. Sprague a majority of the supreme court held, that, in the courts of the United States, the right to attach property to compel the appearance of persons can be properly used only in cases in which such persons are amenable to the process of the court, in personam. The question was certainly presented in the case, and although it was not necessary to the judgment to decide it, as was held by the four dissenting judges, yet the case must be considered as deciding that the federal courts, under the law as it then stood, had no authority to proceed by foreign attachment, as it was regulated by the laws of Pennsylvania. But, doubtless, in view of this decision, the act of congress of June 6, 1872, greatly enlarges the authority of the federal courts in the employment of remedies. By the sixth section of that act (Rev. St. § 915), it is enacted that "in common law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof." The federal courts in this state are thus invested with undoubted authority to proceed against non-resident persons by attachment of their property, as may be done by the laws of the state. Was the plaintiff, then, entitled to an allowance of his motion for judgment against the defendant for default of appearance? It was denied by the court below, for the reason that the cause of action, as appears from the declaration, would not support a pro-

ceeding by foreign attachment. The action is debt, and the declaration avers that a limited partnership was formed between Charles Vezin and the defendant, to the capital of which the defendant contributed $50,000 as a special partner; that during the continuance of the term, at certain times stated, the defendant withdrew from the capital contributed by him specific sums of money, as and in the name of interest on the said capital, whereby the original capital was reduced by the amounts so received by him; and the demand is to recover from the defendant these several sums as received by him in violation of law.

The suit is brought to enforce a statutory liability claimed to be imposed upon the special partner, under the circumstances stated in the declaration. By the statute (Brightly's Purd. Dig. 937), it is enacted "that if it shall appear that by the payment of interest or profits to any special partner the original capital has been reduced, the partner receiving the same shall be bound to restore the amount necessary to make good his share of capital with interest." The liability to restore is complete, if the payments to a special partner reduces the capital, and he may be compelled to repay the deficiency in his share of the capital thus caused by an appropriate action.

Is a foreign attachment then an allowable method in Pennsylvania of commencing such action? Any demand arising ex contractu which is susceptible of ascertainment by a definite standard may be the foundation of a foreign attachment. In Strock v. Little, 9 Wright [45 Pa. St.] 418, Mr. Justice Woodward, says: "Under our statutes, which being remedial, are to be liberally construed, foreign attachments may issue in all actions, sounding in contract, where the plaintiff can swear to the amount claimed, or the court, upon a rule to show cause of action, can get at the sum in controversy with sufficient accuracy to fix the amount of bail which the defendant is to give to dissolve the attachment." This is the settled construction of the Pennsylvania statutes, and the demand in this case is fully within it. It is a determinate and certain sum, received under circumstances, stated in the declaration, which imposed upon the defendant a statutory obligation to repay it, and for the recovery of which an action ex contractu is the appropriate remedy. The motion of the plaintiff in error for judgment for default of appearance by the defendant ought, therefore, to have been granted, and the cause is remanded to the district court, with directions to allow said motion and to enter judgment accordingly.

### Case No. 5,862.

GUINET'S CASE.

[See Case No. 15,270.]

GUINET (UNITED STATES v.). See Case No. 15,270.

---

² [From 21 Int. Rev. Rec. 348.]